1

ANDRÉ BIROTTE JR
United States Attorney

JS - 6

2

SANDRA R. BROWN
Assistant United States Attorney

3

Chief, Tax Division
DANIEL LAYTON (CA SBN 240763)

4

Assistant United States Attorney
Room 7211 Federal Building

5

300 North Los Angeles Street
Los Angeles, California 90012

6

7

ALLYSON B. BAKER
D.C. Bar No. 478073

8

SEAN M. GREEN
D.C. Bar No. 978858

9

Trial Attorneys, Tax Division
U.S. Department of Justice

10

Post Office Box 7238
Ben Franklin Station

11

Washington, D.C. 20044
Telephone: (202) 353-8031

12

Facsimile: (202) 514-6770

13

Attorneys for the United States

14

IN THE UNITED STATES DISTRICT COURT FOR THE

15

CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

16

UNITED STATES OF AMERICA          )

17

Plaintiff,          )
                                  )

18

v.          )          Civil No. 10-CV-06341-AHM (Ex)
                                  )

19

WILLIAM W. ALEXANDER,          )
RETIREMENT PLAN SERVICES, INC.,)

20

and LYONS PENSIONS, INC.          )
                                  )

21

Defendant.          )

22

**ORDER FOR PERMANENT INJUNCTION**

23

The United States has filed a complaint for permanent injunction and other

24

relief under 26 U.S.C. §§ 7407, 7408 and 7402(a) against William Alexander,

25

Retirement Plan Services, Inc. and Lyons Pensions, Inc. (collectively,

26

"Defendants"). The Court entered a preliminary injunction against Defendants on

27

December 15, 2010. (Dkt. No. 9).

28

The parties have agreed to the terms of this Order and the Defendants consent to be bound by its terms and to its entry without further notice. The Defendants waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

The Defendants understand and agree that the Court has jurisdiction over this matter while the Order remains in place, and understand that if they violate its terms, they may be subject to civil and criminal sanctions for contempt of court. Defendants have entered into this stipulation for the sole purpose of reaching a full and final settlement and resolution of the matters set forth in the complaint. This stipulation shall not constitute nor be construed as an admission whatsoever of any liability on the part of the defendant in this matter. Further, Defendants do not admit nor concede any factual allegations contained in the Complaint.

1.     **NOW, it is ORDERED** that Defendants and their representatives, agents, servants, employees, and those persons in active concert or participation with them, are permanently enjoined from directly or indirectly:

A.  Marketing, preparing, selling, organizing or administering any plan or arrangement that advises or assists others in violating or attempting to violate the internal revenue laws or unlawfully evading the assessment or collection of their federal tax liabilities;

B.  Marketing, preparing, selling, organizing or administering any pension plan, including but not limited to any defined-benefit pension plan described in a plan document prepared by Industry Consultants, Inc.;

C.  Marketing, preparing, selling, organizing or administering any welfare-benefit plan, including but not limited to the Warren Group Multiple Employer Welfare Benefit Plan and Trust;

D.  Engaging in conduct subject to penalty under I.R.C. § 6700, *i.e.*, making, furnishing, or causing another to make or furnish material and false or fraudulent

statements regarding the allowability of certain deductions, the excludability of income, or the securing of tax benefits derived from participation in any plan or arrangement, which they know or have reason to know are false or fraudulent or making, furnishing, or causing another to make a gross valuation overstatement as to any material matter;

E.  Providing any advice or assistance regarding the tax treatment of pension plans or welfare-benefit plans, including but not limited to:

      i.  Advising any individual or entity to form S-corporations or any other separate entities in connection with the establishment of any real or purported pension plan or welfare-benefit plan;

      ii.  Advising any individual or entity to establish any real or purported pension plan that excludes and/or discriminates against rank-and-file employees or non-highly compensated employees who are employed at a company that is part of the same controlled group of companies or aggregated services group of companies as that individual or entity;

      iii.  Advising any individuals or entities that they may contribute any amount of money to a defined-benefit pension plan or welfare-benefit plan without regard to actuarial limits or statutory limits;

      iv.  Advising any individuals or entities that they can use purported third-party loans to claim a deduction for purported contributions to a pension plan or welfare-benefit plan and still have access to that money;

      v.  Advising any individuals that personal expenses can be re-characterized as pension plan contributions;

      vi.  Advising any individuals that they can stop paying themselves salaries and avoid income tax and self-employment taxes by

- 3 -

purportedly contributing money to a pension plan or welfare-benefit plan and then borrowing the money back through a purported third-party loan; and

vii. Advising any individuals or entities that filing a Form 5500 is not mandatory and filing such a form increases the probability of a pension plan being audited;

F.  Providing any tax advice to any individual or entity for a fee, except that, subject to provision (D), above, and all other provisions of this Order, Alexander may relay marketing, promotional and/or informational materials written by a company with a license from an appropriate state or federal insurance regulator when those materials accompany an insurance and/or financial product that Alexander is selling, or has sold to an individual or entity;

G.  Engaging in conduct subject to penalty under I.R.C. § 6701, *i.e.*, preparing or assisting in the preparation of, or advising with respect to a document related to a matter material to the internal revenue laws that includes a position that they know will, if used, result in an understatement of another person's tax liability;

H.   Preparing or aiding, assisting, and/or advising with respect to the preparation of any federal tax return of another for a fee;

I.   Representing others before the IRS.

2.   **IT IS FURTHER ORDERED** that:

A.  this Order shall constitute a final judgment and Defendants waive any right to appeal;

B.   Defendants shall provide a copy of this Order by mail or e-mail to all individuals and entities to whom Defendants have provided any type of tax advice since January 1, 2005 and for whom Defendants have or can readily obtain a mail

or e-mail address.  Within thirty (30) days, Defendants must file a declaration under penalty of perjury with the Court affirming compliance with this provision of the Order to the best of their ability and detailing all efforts made to comply with this provision;

C.  the United States is permitted to engage in post-injunction discovery to ensure compliance with this Order; and

D.  this Court retains jurisdiction over this action for purposes of implementing and enforcing this Order.

SO ORDERED this 12th day of April, 2011.

_____

**JS-6**

Hon. A. Howard Matz
United States District Judge

- 5 -